OPINION
This cause came on to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 25, the records from the Cuyahoga County Court of Common Pleas, the briefs and the oral arguments of counsel.
Appellant Cynthia Winters-Jones contends the trial court erred by granting summary judgment to appellee Fifth Third Bank on her claim for payment for vacation time accrued but not used at the time she left her employment. She agrees with appellee that there are no genuine issues as to any facts material to her claim but asserts she is entitled to judgment as a matter of law, rather than appellee.
The undisputed facts show that appellee hired appellant as a branch manager on June 20, 1994. At the time of her employment. appellant signed a statement agreeing to abide by appellee's policies.
Appellee's policy manual provided that employees hired in June would be entitled to one week vacation on the January 1st following their date of hire and a second week of vacation at their one-year anniversary date. After one year of continuous service, employees would be entitled to two weeks vacation, which might be taken at any time during the year.
Appellee's policy manual further provided that:
12.5 VACATION SCHEDULING
* * *
 B. Vacation for a given year must be taken within that calendar year or the vacation time will be lost. (Any exception to this policy must be approved by an Executive Vice President in advance). ANY UNUSED VACATION IS LOST AT TERMINATION.
* * *
Under these policies, as of January 1, 1996, appellant was entitled to two weeks vacation time, which she could take at any time in 1996. Appellant tendered her resignation and ended her employment in March 1996, before she had scheduled or used any of this vacation time.
Although employee handbooks, policy manuals, and the like are not contracts of employment, they may define the terms and conditions of an employment relationship if the employer and employee manifest an intention to be bound by them. Finsterwald-Maiden v. AAA S. Central Ohio (1996), 115 Ohio App.3d 442,446; Sowards v. Norbar, Inc. (1992), 78 Ohio App.3d 545,550-51. There was undisputed evidence in the record that, at the time of her employment, appellant agreed to be bound by appellee's policies; indeed, her claim of entitlement to two weeks accrued vacation time manifests her acceptance of appellee's vacation policy. The policy clearly provides that accrued vacation time will be lost when employment is terminated; hence, appellant was- not entitled to payment for vacation time accrued at the time her employment was terminated.
Appellant claims she should be paid for her accrued vacation time because "[a] vacation with pay is in effect additional wages, and "`[t]he consideration for the contract to pay for a * * * vacation had been furnished, that is, to say, one year's service had been rendered * * *.", Local Union No. 2986 v. Armour and Co. (C.A.6, 1971), 446 F.2d 610, 612. This ruling was based on the court's construction of the terms of the parties' collective bargaining agreement. Here, the parties' contract clearly states that vacation time must be used during the employee's employment or it is lost. Thus, the consideration for vacation pay under this contract is not only the past services rendered but also the promise of future services. Cf. Haire v. Philips Indus., Inc. (Mar. 7, 1996), Cuyahoga App. No. 69303, unreported.
Accordingly, the trial court's judgment is affirmed.
This cause is affirmed.
It is ordered that appellee recover of appellant its costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JOHN T. PATTON, PRESIDING JUDGE.
KENNETH A. ROCCO, JUDGE.
JAMES D. SWEENEY, JUDGE.